IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


CHRISTOPHER HILL,                           :

       Plaintiff,                           :   Case No. 3:08cv190

  vs.                                          :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,   :

       Defendant.                           :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE (DOC. #16) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO
SAID JUDICIAL FILING IN PART (DOC. #18) SUSTAINED; JUDGMENT TO
BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT
COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING
CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE
PAYMENT OF BENEFITS, CONSISTENT WITH THE SOCIAL SECURITY
ACT, BEGINNING JUNE 12, 2000; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On July 17, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #16), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed, and that the captioned cause

be remanded to the Defendant Commissioner, for the payment of benefits consistent with the Social Security Act, beginning on June 12, 2000, and through December 31, 2005.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #16) and the Plaintiff's Objection in Part to said judicial filing (Doc. #18), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  The Plaintiff's Objections in Part to said judicial filing (Doc. #18) are sustained.  Accordingly, the decision fo the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made.  This de novo review, in turn, requires this Court to re-examine all the relevant

evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the Magistrate Judge that the Defendant Commissioner's decision of non-disability is not supported by substantial evidence and that, moreover, the evidence of disability in the captioned cause is clear, to wit: either overwhelming or strong while contrary evidence is either weak or non-existent. Moreover, no factual issues remain to be resolved in this case.

2. Having concluded that the Defendant Commissioner erred in his finding of non-disability, a finding which was not supported by substantial evidence, this Court finds that the Magistrate Judge, likewise, erroneously concluded that remand for the award of benefits should be only through December 31, 2005, rather than simply beginning on June 12, 2000, with no ending date stated. It appears that, once a period of disability is established, benefits continue into an indefinite time in the future, unless and until the Defendant experiences medical improvement to warrant termination of benefits. To this extent, the Magistrate Judge's Report and Recommendations are rejected, and the Plaintiff's Objections in Part are sustained.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #16) in part and rejects same in part, having concluded that the Defendant Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the

Social Security Act was not supported by substantial evidence.  Plaintiff's Objections in Part to said judicial filing (Doc. #18) are sustained.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, for the payment of benefits consistent with the Social Security Act, beginning June 12, 2000.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 23, 2009         /s/ Walter Herbert Rice
                                            WALTER HERBERT RICE, JUDGE
                                            UNITED STATES DISTRICT COURT

Copies to:

Steven B. Horenstein, Esq.
John J. Stark, Esq.
Depak Sathy, Esq.